J-S47036-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES SNOWDEN | |
| Appellant | No. 38 EDA 2014 |

Appeal from the PCRA Order of February 6, 2013
In the Court of Common Pleas of Chester County
Criminal Division at No.: CP-15-CR-0002926-2010

BEFORE:  MUNDY, J., OLSON, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                    **FILED SEPTEMBER 15, 2014**

James Snowden appeals the February 6, 2013 order denying his petition for relief pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  We affirm.

On July 6, 2012, Snowden pleaded guilty to one count each of aggravated assault and possession of an instrument of crime.[1]  At the guilty plea hearing, the assistant district attorney summarized the facts underlying the plea as follows:

> On May 28, 2010, at approximately 9:38 p.m., the West Chester Police were called to 327 North High Street in West Chester, Chester County, Pennsylvania for a report of a stabbing.  Upon arrival, officers made contact with the victim, Maurice Miller, who was bleeding profusely from the left forearm, neck, and cuts to both of his hands.  A blood trail from where the victim collapsed

---

[1]    18 Pa.C.S. §§ 2702(a)(1), and 907, respectively.

> in the street led back to 327 North High Street, the first floor rear apartment.
>
> During the investigation that night, [James Snowden] arrived at the West Chester Police Station and asked to speak with Detective Scott Whiteside. [Snowden] informed Detective Whiteside that he had stabbed the victim earlier inside of a residence that he shared with his wife at 327 North High Street, Apartment 1R.
>
> It was later learned that the victim had suffered severe injuries, including the injury to his left forearm which left him with serious nerve damage and tendon damage, as well as cuts to his hands which also left him with permanent nerve and tendon damage.

Notes of Testimony ("N.T."), 7/6/2012, at 2-3. On the same day, pursuant to a negotiated agreement between Snowden and the Commonwealth, the trial court sentenced Snowden to seven to fifteen years' incarceration on the aggravated assault charge, and to a consecutive five-year term of probation on the possession of an instrument of crime charge.

On July 10, 2012, Snowden filed a post-sentence motion to withdraw his guilty plea. Following multiple subsequent filings by Snowden and his court-appointed counsel and two post-sentence motion hearings, the trial court denied Snowden's efforts to withdraw his guilty plea on November 19, 2012. Snowden did not file a direct appeal.

On December 28, 2012, Snowden filed a *pro se* PCRA petition, which he later amended on February 6, 2013. On March 7, 2013, the PCRA court appointed counsel to represent Snowden during his PCRA proceedings. On March 12, 2013, Snowden filed a second PCRA petition. On May 2, 2013, Snowden's counsel filed a petition to withdraw as counsel pursuant to

***Turner/Finley***.[2] Counsel attached to the petition a letter that he sent to Snowden in which counsel explained in depth the reasons why counsel believed that Snowden's claims were frivolous. Additionally, counsel explained to Snowden that, if he chose to continue to pursue PCRA relief, he either could hire private counsel or proceed *pro se*.

On May 17, 2013, the PCRA court issued a notice of its intent to dismiss Snowden's PCRA petition without a hearing. On December 12, 2013, the PCRA court formally dismissed Snowden's February 6, 2013 PCRA petition and granted counsel's petition to withdraw.[3]

On December 30, 2013, Snowden filed a notice of appeal. On January 15, 2014, the PCRA court directed Snowden to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Snowden timely complied. On February 27, 2014, the PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a).

In his statement of questions presented in his brief, Snowden lists the following eleven issues:

_____

[2] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988).

[3] In its order, the PCRA court specifically dismissed only Snowden's February 6, 2013 PCRA petition. To our knowledge, the PCRA court has not yet entered an order disposing of Snowden's March 12, 2013 petition. Nonetheless, Snowden presently appeals the court's December 12, 2013 order, which, by its own terms, dismissed only the February 6, 2013 petition.

1. Should a conviction stand that violates a person's constitutional rights? Should that same conviction be affirmed?

2. Should a conviction stand if full disclosure isn't given, and that would make a person's credibility questionable?

3. Was [Snowden] prejudiced by the many continuances?

4. Should the motions be heard if filed by [Snowden], such as a motion for bail and dismissal?

5. Was [Snowden] given effective assistance of counsel throughout his legal process?

6. [Snowden's] direct appeal right [was] forfeited by no act of his, should they be reinstated?

7. Can an appointed attorney deny someone their right to trial?

8. Can continuances be obtained if the reason is that the Commonwealth or defense counsel doesn't want a trial, and only for that reason?

9. Is there [a] viable reason for an attorney to fail to motion for bail or dismissal for his client?

10. Should a lawyer follow a judge's order even if he doesn't want to? And if not what should be the punishment?

11. Should [Snowden's] counsel [have] questioned the witness?

Brief for Snowden at 6 (unpaginated; minor grammatical modifications made for clarity).

Although Snowden lists eleven issues, he only argues three issues in his brief, and even identifying the crux of those issues is not an easy task. From what we can decipher, Snowden argues that: (1) his attorney was ineffective for requesting numerous continuances of his trial, which resulted in an alleged violation of his speedy trial rights; (2) his attorney was

ineffective for failing to discover evidence about the victim that was favorable to Snowden's defense; and (3) trial counsel was ineffective for failing to pursue a direct appeal on Snowden's behalf. Snowden has abandoned the remaining claims that he proffered in his statement of the questions presented, and they are waived for purposes of this appeal.[4]

With regard to the issues that Snowden actually does argue, we find those issues to be waived, but for different reasons. Each of Snowden's argued issues is directed towards trial counsel's purported missteps while representing Snowden. When we review such claims, we are guided by the following well-established principles:

> In order to be entitled to relief on a claim of ineffective assistance of counsel, the PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying claim has arguable merit; (2) counsel whose effectiveness is at issue did not have a reasonable basis for his action or inaction; and (3) the PCRA petitioner suffered prejudice as a result of counsel's action or inaction[, *i.e.* "the **Pierce**[5] test"]. When determining whether counsel's actions or omissions were reasonable, we do not question whether there were other more logical courses of actions which counsel could have pursued:

---

[4]     In his reply brief, Snowden acknowledges that he does not present any argument with regard to the abandoned issues, but nonetheless encourages us to consider those issues because "they should be clear" from the record. **See** Reply Brief for Snowden at 3 (unpaginated). Needless to say, we will not comb the record on Snowden's behalf looking for meritorious issues, even those that are clear from the record. Moreover, any purported clarity in Snowden's claim for relief does not overcome the simple fact that he has abandoned his quest for relief on these issues by not arguing them in his brief.

[5]     **See Commonwealth v. Pierce**, 527 A.2d 973 (Pa. 1987).

rather, we must examine whether counsel's decisions had any reasonable basis. Further, to establish prejudice, a petitioner must demonstrate that but for the act or omission in question, the outcome of the proceedings would have been different. Where it is clear that a petitioner has failed to meet any of the three, distinct prongs of the *Pierce* test, the claim may be disposed of on that basis alone, without a determination of whether the other two prongs have been met.

In accord with these well-established criteria for review, a petitioner must set forth and individually discuss substantively each prong of the Pierce test. [U]ndeveloped claims, based on boilerplate allegations, cannot satisfy [a petitioner's] burden of establishing ineffectiveness. Thus, where [a PCRA appellant] has failed to set forth all three prongs of the ineffectiveness test and meaningfully discuss them, he is not entitled to relief, and we are constrained to find such claims waived for lack of development.

*Commonwealth v. Steele*, 961 A.2d 786, 796-97 (Pa. 2008) (internal citations, quotation marks, and footnote omitted).

Presently, Snowden neither identifies nor discusses individually the three prongs of the *Pierce* test for any of the three ineffective assistance of counsel claims that he argues in his brief.[6] Rather, Snowden presents a rambling, and nearly incoherent, legal argument that is not buttressed by controlling case law and is not developed in a meaningful fashion. Indeed, we struggle even to ascertain where one argument ends and the next begins. Nonetheless, even if we could decipher the particulars of Snowden's arguments, we must find his arguments waived due to his failure to properly

_____

[6]   Snowden does not cure this defect in his reply brief either.

execute the minimum briefing requirements to obtain review of his issues under the **Pierce** test.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/15/2014</u>